**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

CHARLES HAMNER                                                                      PLAINTIFF
ADC #143063

v.                                        2:24CV00031-LPR-JTK

ARKANSAS COUNTY
SHERIFF"S DEPARTMENT , et al.                                    DEFENDANTS


<u>**ORDER**</u>

     Pending is Charles Hamner's ("Plaintiff") Motion to Remand.  (Doc. No. 8).  For the reasons set out below, Plaintiff's Motion (Doc. No. 8) is GRANTED.

**I.      Introduction**

     Charles Hamner ("Plaintiff") is in custody at the North Central Unit of the Arkansas Division of Correction ("ADC").  Plaintiff filed this <u>pro se</u> action in the Circuit Court of Arkansas County, Arkansas, on November 28, 2023.  (Doc. No. 1 at 4).  Plaintiff sued the Arkansas County Sheriff's Department, the Arkansas County Detention Facility, Arkansas County Sheriff Johnny Cheek, along with Dean Mannis, Chris Pollard, Patricia Snyder, and Peggy Pitts (collectively, "Defendants").  (<u>Id</u>.).  He alleges Defendants violated certain laws and policies, resulting in his unlawful incarceration in the Arkansas Division of Correction ("ADC").  (<u>Id</u>. at 4-10).

     Defendants filed a Notice of Removal that was docketed in this case on February 20, 2024. (<u>Id</u>. at 1).  On March 11, 2024, Plaintiff filed a Motion to Remand.  (Doc. No. 8).  Defendants have not responded and the time for doing so has passed.

II.     **Discussion**

      Plaintiff asks the Court to remand this case because "it is a state law matter this court has no jurisdiction over."[1]  (Doc. No. 8 at 1).  In his Motion, Plaintiff stresses that this case raises only issues of state law.  (Id. at 1-5).  He argues, for example, that his allegations that state law procedural guidelines were violated do not constitute a federal claim.  (Id. at 2).  As far as Plaintiff is concerned, "this is a civil complaint regarding 'Arkansas' Intentional Tort of False Imprisonment in violation of the 'Arkansas' Civil Rights Act under color of statute, regulation, and usage of the state 'without lawful authority' in violation of the Arkansas Constitution."  (Id.).

      But Plaintiff does make certain allegations in his Complaint that the Court will address.  For example, in his Complaint Plaintiff writes "[i]n false imprisonment cases [such] as [Plaintiff's], the primary right involved is the 'liberty' of the citizen, which[] is guaranteed by the state and federal constitution."  (Doc. No. 2 at 4).  And Plaintiff specifically says that he was "illegally transferred" in violation of "the Eighth and Fourteenth Amendments of the United States Constitution."  (Id. at 9).  Plaintiff also says he was subjected to "cruel and unusual punishment."  (Id. at 8).

      But Plaintiff did not include reference to 42 U.S.C. § 1983 in his Complaint.

      "A district court's federal-question jurisdiction . . . extends over 'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law,'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988).  Plaintiff says in no uncertain terms that Defendants violated his federal constitutional rights, resulting in his unlawful

---

[1] The Court notes that all parties to this action are citizens of Arkansas so diversity jurisdiction is not a consideration in this case.

incarceration in the ADC.  But Plaintiff omits any reference whatsoever to 42 U.S.C. § 1983 from his Complaint.  Section 1983 is the vehicle for "'vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.'" Henley v. Brown, 686 F.3d 634, 640 (8th Cir. 2012) (citing Baker v. McCollan, 443 U.S. 137, 144 n. 3, (1979)).  See also 42 U.S.C. § 1983 (creating private cause of action); Est. of Owens v. GEO Grp., Inc., 660 F. App'x 763, 766 (11th Cir. 2016) ("Section 1983 creates a private civil rights cause of action for the deprivation of federal rights by persons acting under color of state law.").  Section 1983, then, would be the private cause of action for the violations alleged against state actors in his Complaint.

Plaintiff is the master of his Complaint.  His references to violations of rights protected by the federal constitution alone, without invocation of 42 U.S.C. § 1983, do not suffice to create a federal cause of action.  Considering the fact that Plaintiff filed his Complaint in state court and considering the arguments he raised in his Motion to Remand, the omission of 42 U.S.C. § 1983 from his pleading does not appear to be happenstance.  Under these circumstances, the Court finds that Plaintiff's Complaint raises no federal constitutional claims.  As such, this Court lacks jurisdiction.

The Court is not aware of precedent from the Eighth Circuit interpreting whether a United States magistrate judge has, or lacks, authority under 28 U.S.C. § 636 to enter an order remanding a case to state court.  There is a split in authority whether a magistrate judge may do so.  See Harter v. Am. Fam. Mut. Ins. Co., No. 4:18 CV 1290 DDN, 2018 WL 10498463, at *1–2 (E.D. Mo. Oct. 3, 2018) (and cases cited therein).  The Courts of Appeals that have considered the issue have found remand falls outside the authority of a magistrate judge; one reason given is that remand ends the case in the federal forum.  In re U.S. Healthcare, 159 F.3d 142, 146 (3d Cir. 1998) ("an

order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."); First Union Mortg. Corp. v. Smith, 229 F.3d 992, 996 (10th Cir. 2000) ("a remand order is a final decision or dispositive action that must ultimately be made by the district court to survive Article III scrutiny"); Vogel v. U.S. Off. Prod. Co., 258 F.3d 509, 517 (6th Cir. 2001) ("remand order is the functional equivalent of an order to dismiss"); Williams v. Beemiller, Inc., 527 F.3d 259, 266 (2d Cir. 2008) (remand order determines whether case should proceed in federal court and thus is indistinguishable from motion to dismiss based on subject matter jurisdiction).

At least two district courts in the Eighth Circuit—and many district courts in other Circuits—have found that a motion remand is not a dispositive motion and that a magistrate judge may issue an order directing remand. Harter, No. 4:18 CV 1290 DDN, 2018 WL 10498463, at *1–2; Banbury v. Omnitrition Intern. Inc., 818 F. Supp. 276, 279 (D. Minn. 1993). I find the reasoning in Harter that explains why a motion to remand is within my authority under 28 U.S.C. § 636(b) sound. No. 4:18 CV 1290 DDN, 2018 WL 10498463, at *2. See also Meier v. Premier Wine & Spirits, Inc., 371 F. Supp. 2d 239, 241-44 (E.D.N.Y. 2005) (collecting cases and finding remand within magistrate judge's authority). Contra Williams, 527 F.3d 259, 266 (2d Cir. 2008).

The Court finds that a ruling on an uncontested motion to remand is not a ruling on the merits of the claims. FED. R. CIV. P. 72(a). Such a ruling involves only where the case will proceed. Further, Plaintiff filed the Motion to Remand and Defendants have not opposed the motion. As such, the Motion—if it is interpreted to be a dispositive motion—is akin to a voluntary motion to dismiss. 28 U.S.C. § 636(b)(1)(A) does not remove voluntary motions to dismiss from a magistrate judge's authority. Admittedly, the list in § 636(b)(1)(A) is not exhaustive. But the statute distinguished a voluntary from an involuntary motion to dismiss. Additionally, "the

4

language of 28 U.S.C. § 636(b)(1)(A) 'should be read in light of the practical goal of vesting magistrate judges with sufficient authority to enable them to assist effectively in managing the heavy caseload borne by the district courts.'"   Harter, No. 4:18 CV 1290 DDN, 2018 WL 10498463, at *2.   Considering all of the above, the Court finds that it has authority to issue an order remanding this case to the Circuit Court of Arkansas County, Arkansas.

Accordingly, Plaintiff's uncontested Motion to Remand (Doc. No. 8) is GRANTED.   The Clerk of the Court is directed to remand this case to the Circuit Court of Arkansas County, Arkansas.

IT IS SO ORDERED this 29th day of March, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE